UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEKANDR SIDORENKO,<br><br>              Plaintiff,<br><br>    v.<br><br>NATIONAL CITY MORTGAGE CO, et al.,<br><br>              Defendants. | CASE NO. C12-5180 RBL<br><br>ORDER DENYING MOTION FOR TRO<br>[DKT. #16] |

MATTER is before the Court on the Plaintiff's Motion to Continue a TRO [Dkt. #16] that was apparently entered ex parte by the Clark County Superior Court, enjoining a trustee's sale foreclosing on his property. As an initial matter, that TRO has expired and this Court cannot continue it. The court will treat the Motion as one for a new TRO.

Plaintiff Sidorenko sued his lender and the loan servicer, as well as the foreclosing Trustee, making the usual raft of arguments that the real lender was not identified, the loan originator was not properly licensed, that the Deed of Trust was "void ab initio," that the lender does not have the right to enforce the Note, that the trustee is not authorized to foreclose, and that the securitization of the Note renders it unenforceable. He claims that the loan contract was illegal or made so by the securitization of the Note. Plaintiff does not deny that he has not repaid

the loan he obtained using his property as security. Defendants demonstrate that he has not made a mortgage payment in almost four years.

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008).

Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*. *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

Plaintiff has not met, and cannot meet, this burden. While the Court will presume that the hardship of foreclosure meets the irreparable harm element, the remaining factors weigh heavily against injunctive relief. First, Plaintiff has no likelihood of success on the merits of his claims. The arguments he has made have been roundly and consistently rejected by this and other courts facing a slew of such cases during this recession.

Second, the balance of equities tips sharply in Defendants' favor. He has not paid on the loan since 2008, while he has continued to possess the Property at issue.

The final factor is the public interest. While it is true that the public has an interest in ensuring that foreclosures are done properly, Plaintiff has made no showing whatsoever that any impropriety occurred in this case. On the other hand, it is abundantly clear that the public has a broad interest in resolving the unfortunately vast array of in-default loans adversely affecting virtually every bank in the country. Enjoining facially legitimate foreclosure sales is not in the public interest; in fact, just the opposite is true.

The Plaintiff's Motion for a TRO [Dkt. #16] is therefore DENIED. The Defendants' Motions to Dismiss [Dkt. #17 & 19] will be addressed in a separate Order.

IT IS SO ORDERED.

Dated this 24th day of May, 2012.

_____
Ronald B. Leighton
United States District Judge