HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEKSANDR SIDORENKO,<br><br>               Plaintiff,<br><br>   v.<br><br>NATIONAL CITY MORTGAGE CO.;<br>PNC MORTGAGE; PNC BANK, N.A.;<br>NORTHWEST TRUSTEE SERVICES,<br>INC.; FEDERAL HOME LOAN<br>MORTGAGE CORPORATION AND<br>DOES 1-20,<br><br>               Defendant. | CASE NO. 12-cv-05180-RBL<br><br>ORDER GRANTING<br>DEFENDANTS' MOTION TO<br>DISMISS |

THIS MATTER is before the Court on Defendants' Motion to Dismiss under Rule 12(b)(6) for failure to state a claim. [Dkt. #s 17, 19.] Plaintiff Aleksandr Sidorenko failed to make payments on his home mortgage. Defendant Northwest Trustee Services, (successor trustee), and Defendant PNC Bank (successor to the originating lender), began a non-judicial foreclosure. Sidorenko sued, asserting a Consumer Protection Act Claim, a claim to Quiet Title, a claim for Slander of Title, and a claim for injunctive and declaratory relief. All are based on Siderenko's claim that the lender was not the "true lender," and the fact the loan was

immediately securitized. Defendants seek dismissal for failure to state a claim. For the reasons stated below, the Defendants' Motion is GRANTED.

## I. BACKGROUND

In May 2005, Sidorenko borrowed money from National City.[1] The repayment obligation was evidenced by a Note and secured by a Deed of Trust on his home. (Compl. at 4.) The Note and Deed of Trust define the "Lender" as National City. According to the Deed of Trust, the "Note or a partial interest in the Note (together with the Security Instrument) can be sold one or more times without prior notice to Borrower." (Compl. Ex. A, at 13.)

Three years after the execution of the mortgage, Sidorenko stopped paying his loan. (Compl. Ex. C, at 2.) In June 2008, National City began default proceedings and provided Sidorenko with written notice of the default. (Compl. Ex. C, at 3.) Around this time, National City, the beneficiary under the Deed of Trust, appointed Northwest Trustee Services as successor trustee. (Compl. Ex. B.)

In February 2012, Sidorenko filed this suit against PNC and Northwest Trustee Services. Sidorenko alleges that National City deliberately omitted the names of the real lender and that the loan contract was illegal because it was immediately securitized. (Compl. at 9.) Sidorenko argues that the bank created ambiguity in the lien, making it unperfected, and thus, no lien at all. Sidorenko does not deny that he has not repaid the loan he obtained using his property as security. Defendants seek dismissal of all of Sidorenko's claims against them: (1) unfair business practices in violation of the Consumer Protection Act; (2) quiet title claim; (3) slander of title claim; (4) declaratory relief; and (5) injunctive relief.

\\\\

---

[1] At the end of 2009, National City merged with and into Defendant PNC Bank. The Court takes judicial notice of the merger as it is a matter of public record.

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS - 2

## II. ANALYSIS

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3f 979, 988 (9th Cir. 2001).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted).  This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

### A. Consumer Protection Act

Sidorenko claims Defendants used unfair business practices in violation of Washington's Consumer Protection Act (WASH. REV. CODE § 19.86).  Sidorenko's claims that National City engaged in deceptive behavior when it falsely identified itself as the creditor, rushed Sidorenko through the loan process, and misrepresented material terms.  Additionally, Sidorenko claims that the deceptive behavior occurred because of a boilerplate illegal contract.  Northwest Trustee Services correctly responds that, either way, it had nothing to do with any alleged deceptive

behavior because it was not appointed as successor trustee until almost two years after the loan originated and the alleged CPA violations took place. PNC argues that both theories fail because Sidorenko failed to allege any facts to support either theory.

All of Sidorenko's theories rely on his legally flawed claim that the Note was void because it was securitized and PNC failed to disclose the "true lender." First, Sidorenko offers no authority to support his argument that securitization of a note voids the instrument. As PNC notes, a loans alleged securitization has no bearing on whether a party may enforce the Note and Deed of Trust. Second, Washington law did not require PNC to prove its ownership of the Note or its status of beneficiary to Sidorenko prior to foreclosure. In any event, the contract Siderenko admits he signed expressly permitted assignment of the Note and Deed of Trust without notice to him. Sidorenko's securitization argument and his "true lender" arguments fail as a matter of law.

Finally, and in any event, Sidorenko has failed to allege any facts showing that the Deed of Trust was unconscionable, or that anything PNC did caused him any injury.

Defendants' Motions to Dismiss Sidorenko's Consumer Protection Act claim are GRANTED, and that claim is DISMISSED with prejudice.

**B. Quiet Title Claim**

Sidorenko seeks to quiet title to the Property. A quiet title action is designed to resolve competing claims of ownership or the right of property possession. *See Kobza v. Tripp*, 106 Wash. App. 90, 95 (2001). Under WASH. REV. CODE § 7.28.230(1), deeds of trust and mortgages create only a secured lien on real property. They do not convey ownership or a right to possession. None of the Defendants have a current claim of ownership. PNC and Northwest Trustee Services are therefore not the proper defendants in a quiet title action.

Defendants' Motions to Dismiss the quiet title claim are GRANTED, and that claim is DISMISSED with prejudice.

### C. Slander of Title Claim

Sidorenko also asserts a slander of title claim. Slander of title is employment of false words regarding a pending sale of property, published maliciously in order to defeat plaintiff's title, which results in plaintiff's financial loss. *See Rogvig v. Douglas*, 123 Wash. 2d 854, 859 (1994). Sidorenko fails to allege any use of false words or any malicious publication by either defendant. Sidorenko's claim appears to be based on PNC's alleged failure to record certain documents and the alleged deception related to the "true lender." However, as Defendants' note, the alleged omission is insufficient to support a slander of title claim as a matter of law.

Defendants' Motions to Dismiss the slander of title claim are GRANTED, and that claim is DISMISSED with prejudice.

### D. Injunctive and Declaratory Relief

Finally, Sidorenko asserts the right to injunctive and declaratory relief. These claims rely on "true lender" and illegal securitization arguments discussed and rejected above. The request for injunctive relief is unsupported by factual allegations. Defendants' Motions to Dismiss the claims for injunctive and declaratory relief are GRANTED, and the claims are DISMISSED with prejudice.

### III. CONCLUSION

Defendants' Motions to Dismiss Plaintiff's Complaint [Dkt. #s 19 and 17] are GRANTED, and the claims are DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 6th day of September, 2012.

*[signature]*

Ronald B. Leighton
United States District Judge